UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ELIZABETH ANN BOWEN, )
 )
   Plaintiff, )
 )
v. ) Case No. 5:15-cv-00117
 )
COMMISSIONER OF SOCIAL )
SECURITY, )
 )
   Defendant. )

## OPINION AND ORDER ON MOTION TO DISMISS
(Doc. 6)

Plaintiff Elizabeth Ann Bowen brings this action under 42 U.S.C. § 405(g), requesting review and remand of the decision of the Commissioner of Social Security denying her application for disability insurance benefits. (Doc. 4.) The Commissioner moves for dismissal under Fed. R. Civ. P. 12(b)(6) or alternatively for summary judgment under Fed. R. Civ. P. 56, arguing that Bowen failed to timely pursue her administrative remedies. (Doc. 6.) Bowen has filed a "Motion in Opposition," arguing that she had "good cause" for her untimeliness, and that she should be excused on due process and equitable tolling grounds. (Doc. 10.) For the reasons stated below, the Commissioner's Motion to Dismiss (Doc. 6) is GRANTED.

### Background

In an application filed on January 14, 2013 and effective November 6, 2012, Bowen applied for disability insurance benefits with an alleged onset date of July 21, 2009. (Doc. 4 at 2, ¶¶ 4–5; Doc. 7-1 at 1.) Bowen alleged that she was disabled due to:

> depression, left-side weakness, anxiety disorder, hemiparesia of left side of body due to nerve damage, patent foramen ovale (heart condition), slight aphasia (speech impediment), impaired peripheral vision in left eye, reduced hearing in left ear, migraine headaches, brain damage greater than one third of right side, cognitive deficits with distractors.

(Doc. 7-1 at 11.) The Application Summary for the claim indicates that, as of November 1, 2012, Bowen lived "in a room in a business establishment such as a hotel or boarding house."

(Doc. 7-1 at 2.) Bowen's address is listed in the Application Summary as: 687 Maple Street, Suite 243, White River Junction, Vermont 05001. (*Id.*) The Application Summary advised: "You must report to Social Security if . . . [y]ou move." (*Id.* at 5.)

The claim was denied initially on March 20, 2013 and upon reconsideration on May 16, 2013. (*See* Doc. 4 at 3, ¶ 6; *see also* Doc. 7-1 at 11 ("We have determined that your condition is not severe enough to keep you from working.").) The May 16 reconsideration determination advised that if Bowen disagreed with the decision, she could request a hearing before an administrative law judge (ALJ) "not later than 60 days" from the date she received the notice. (Doc. 7-1 at 12.) The May 16, 2013 decision was mailed to Bowen at the Maple Street address. (*See id.* at 11.) A copy was also mailed addressed to Bowen's attorney, Siobhan M. McCloskey, but at the same Maple Street address in White River Junction. (*See id.* at 10, 13–14.)

Through Attorney McCloskey, Bowen sought a hearing before an ALJ in a request dated April 3, 2014 (almost a year after the May 16, 2013 decision). (Doc. 4 at 3, ¶ 7; Doc. 7-2.) That request listed Bowen's address as: "c/o WISE, 30 Banks Street," Lebanon, New Hampshire. (Doc. 7-2.) The request listed Attorney McCloskey's address as: P.O. Box 1396, White River Junction, Vermont. (*Id.*) The request asserted:

> Social Security did not have all of my medical and other relevant information. My mental and physical disabilities have also gotten worse since I first applied. I also have had problems making doctors' appointment, especially for mental health therapy. I would appreciate it if SSA could make some for me.

(*Id.*)

Along with the request for a hearing, Attorney McCloskey included a signed "good cause letter" stating as follows:

> I was not able to submit the Request for an Administrative Law Hearing within the required sixty (60) days on behalf of my client, Elizabeth Ann Bowen, because she has been unable to participate in her appeal until now. Ms. Bowen suffers from the effects of multiple strokes, problems concentrating, depression, anxiety and problems being around people. Her mental problems caused her life to be very unstable. She was arrested in the summer of 2013 for domestic assault, which caused her to lose her housing. She had to move to Rhode Island to temporarily live with the father of her daughter because she was homeless. In addition, she was overwhelmed with having to deal with the VT Department of Children and Families which was investigating her for possibly being an unfit parent. They became concerned after one of Ms. Bowen's friends was convicted of sexually assaulting her daughter. They were also concerned that Ms. Bowen's disabilities made her unable to properly care for her child. Ms. Bowen's transient

2

> living situation left her unable to communicate either by phone or mail with her attorney. Ms. Bowen was finally able to obtain temporary housing (for as long as needed) at WISE, a domestic violence shelter, in Lebanon, NH. She has only now been able to communicate with her lawyer and participate meaningfully in her appeal for Social Security disability benefits. Please accept this good cause letter for Ms. Bowen's lateness in requesting a hearing.

(Doc. 10-2 at 2.)

In an Order dated July 25, 2014, ALJ James J. D'Alessandro dismissed Bowen's request for a hearing under 20 C.F.R. § 405.380(e). (Doc. 4 at 3, ¶ 8; Doc. 7-3.)[1] The ALJ reasoned that the statements in Attorney McCloskey's "good cause" letter were contradictory, and that "the ability to move to another state and being the subject of an investigation is not good cause for failing to file a request for a hearing." (Doc. 7-3 at 5.) The ALJ also stated that "[t]here is no evidence that [Bowen's] medical conditions prevented her from consulting with her attorney until April 2014." (*Id.*)

By letter dated September 26, 2014, Bowen, through Attorney McCloskey, appealed the ALJ's July 25, 2014 decision. (Doc. 4 at 3, ¶ 9; Doc. 7-4.) Attorney McCloskey re-asserted her "good cause" argument with some additional details. (Doc. 7-4 at 1–2.) Citing Bowen's multiple past strokes, depression, anxiety, and borderline personality disorder, Attorney McCloskey asserted that Bowen "suffers from both physical and mental limitations that prevented her from filing a timely request between May 16, 2013 and approximately July 16, 2013." (*Id.* at 1.) Attorney McCloskey also stated that those conditions caused Bowen's arrest in the summer of 2013 "for domestic assault against her live-in boyfriend [who] was abusing her." (*Id.*) Bowen and her daughter were rendered homeless when a condition of Bowen's release pending her hearing prohibited her from returning to the home she shared with her boyfriend. (*Id.*) Bowen moved to Rhode Island and for a time lived with her daughter's father. (*Id.* at 2.) When she moved back to Vermont she was homeless until spring 2014. (*Id.*)

Attorney McCloskey also asserted—apparently for the first time—that Bowen did not receive notice of the May 16, 2013 denial within five days "because all of her mail was going to the home she used to share with her boyfriend, with whom she no longer lived and her conditions of release prohibited any contact." (*Id.* at 2.) According to Attorney McCloskey, Bowen's

---

[1] Section 405.380(e) provides that an administrative law judge may dismiss a request for a hearing if the claimant "did not request a hearing in time and we have not extended the time for requesting a hearing."

"emotional problems prevented her from having her mail forwarded to an alternate address."
(*Id.*) Attorney McCloskey also added:

> Ms. Bowen was not able to present any medical evidence that she was prevented from consulting with her attorney until April 2014 for several reasons: 1) her mental impairments made it difficult for her to make and keep doctors' appointments; 2) her lack of medical insurance at different times and transportation to doctors' appointments; and 3) her fear that any medical evidence documenting her physical and mental conditions would hurt her chances to keep her child and the child with whom she was currently pregnant.

(*Id.*) Attorney McCloskey concluded by requesting permission to submit medical records from Bowen's "recent visits to both a neurologist and ongoing treatment with a psychologist after the date of this letter." (*Id.*)

In a decision dated April 7, 2015, the Appeals Council denied Bowen's request for review, concluding that the information Bowen had supplied did not "provide a basis for changing the Administrative Law Judge's dismissal." (Doc. 7-5 at 1.) The April 7, 2015 decision also stated:

> We also looked at records from Dartmouth-Hitchcock Medical Center dated August 7, 2014, and records from Ronald Hedgepeth, Ph.D., dated August 18, 2014 to October 2, 2014. The Administrative Law Judge dismissed your request for a hearing so the reconsideration determination dated May 16, 2013 remains in effect. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 16, 2013.

(*Id.* at 2.) Bowen timely filed her Verified Complaint in this court on June 4, 2015. (Doc. 4.)

## Analysis

### I.   Subject-Matter Jurisdiction

The Verified Complaint alleges jurisdiction under 42 U.S.C. § 405(g). (Doc. 4 at 2, ¶ 3.) The Commissioner's Motion is not premised on Fed. R. Civ. P. 12(b)(1) and does not directly raise any question of jurisdiction. The court must nevertheless satisfy itself that it has jurisdiction, *see Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006), and in this case examining the contours of the court's jurisdiction clarifies the standard of review and helps to frame the issues.

Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a

4

review of such decision by a civil action" brought in federal district court. Here, Bowen's application was dismissed by the Commissioner as untimely and without a hearing, and thus the dismissal was not a "final decision" made "after a hearing" as contemplated by § 405(g). *See Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983) (Appeals Council's decision to dismiss an untimely request for review is not a "final decision" under § 405(g)). Notwithstanding that limitation, the court has jurisdiction to adjudicate a constitutional challenge to the Commissioner's decisions, *see Califano v. Sanders*, 430 U.S. 99, 109 (1977), and here Bowen does raise a due-process claim and a related equitable-tolling claim. In addition to jurisdiction to hear Bowen's due-process claim, the court may also exercise mandamus jurisdiction under 28 U.S.C. § 1361. *See Dietsch*, 700 F.2d at 868 (section 1361 "provides jurisdiction to review otherwise unreviewable procedural issues not related to the merits of a claim for benefits").

## II.     Rule 12(b)(6) Standard of Review

To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate when "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000). In addition to considering the pleadings, the court may refer to "statements or documents incorporated into the complaint by reference" and to "documents possessed by or known to the plaintiff and upon which [she] relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).[2]

## III.    Bowen's "Good Cause" Arguments

Bowen asserts that she had "good cause" for her late request for a hearing. First, she asserts that neither she nor her attorney received the May 16, 2013 reconsideration determination within five days. Second, she asserts that her physical and mental conditions prevented her from filing a timely request. The court treats both of those arguments as invoking mandamus jurisdiction.

---

[2] Here, Bowen's Verified Complaint either includes the documents cited in the background above, or fairly relies upon them. Accordingly, it is unnecessary to convert the Commissioner's Rule 12(b)(6) Motion into one for summary judgment.

In order to qualify for mandamus relief, Bowen must demonstrate that: (1) she has a right to have the act performed; (2) "the defendant is under a clear nondiscretionary duty to perform the act requested"; and (3) Bowen has "exhausted all other avenues of relief." *City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir. 1984). Here, Bowen has exhausted all other avenues of relief. The dispute is not related to the merits of her claim for disability benefits. The issue is whether she has a right corresponding to a "clear nondiscretionary duty" of the Commissioner to accept Bowen's untimely request for a hearing.

Here—as described below—the Commissioner has discretion to extend the deadline for requesting a hearing. Accordingly, the court reviews the Commissioner's denial for abuse of discretion. *See Higdon v. Bowen*, No. 88 C 0198, 1988 WL 86694, at *2 (E.D.N.Y. Aug. 16, 1988) ("[I]n terms of the prerequisites to issuance of the writ of mandamus, an agency has a nondiscretionary duty not to abuse what discretion it has."); *Jefferson v. Bowen*, No. 84 Civ. 5664 (WCC), 1986 WL 14928, at *1 (S.D.N.Y. Dec. 22, 1986) (court has jurisdiction under § 1361 "where the Appeals Council has abused its discretion" (citing *White v. Mathews*, 559 F.2d 852, 856 (2d Cir. 1977))). Abuse of discretion occurs when a decision is based on an error of law or a clearly erroneous assessment of the evidence, or cannot be located within a range of permissible decisions. *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010) (quoting *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009)).

The applicable Social Security regulations provide a time limit for filing a request for a hearing before an administrative law judge:

> An administrative law judge will conduct a hearing if you request one in writing no later than 60 days after the date you receive notice of the reconsidered determination or an initial determination subject to a hearing by an administrative law judge under the procedures in this part as a result of § 404.906(b)(4) or § 416.1406(b)(4) of this chapter (or within the extended time period if we extend the time as provided in paragraph (d) of this section).

20 C.F.R. § 405.310(b). "Date you receive notice" is defined as "five days after the date on the notice, unless you show us that you did not receive it within the five-day period." *Id.* § 405.5. "You or your refers to the person who has filed a disability claim and, where appropriate, his or her authorized representative." 20 C.F.R. § 405.5. Paragraph (d) of § 405.310 provides:

> If you want a hearing before an administrative law judge, but you do not request it timely, you may ask us for more time to request a hearing. Your request for an extension of time must be in writing and must give the reasons the request for

6

review was not filed, or cannot be filed, in time. If you show us that you have good cause for missing the deadline, we will extend the time period. To determine whether good cause exists, we use the standards explained in § 405.20 of this part.

Under § 405.20, the Social Security Administration may extend the deadline to request administrative or judicial review if the claimant "establish[es] that there is good cause for missing the deadline." *Id.* § 405.20(a).[3] To establish "good cause," a claimant must show that: (1) the administration's action misled her; (2) the claimant "had a physical, mental, educational, or linguistic limitation(s) that prevented [her] from filing a timely request"; or (3) she was prevented from filing a timely request by "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [her] control." 20 C.F.R. § 405.20(a). One example of "good cause" is where the claimant "did not receive notice of the determination or decision." *Id.* § 405.20(b)(7).[4]

Here, it appears that the Social Security Administration mailed the May 16, 2013 reconsideration determination to an address at which Bowen no longer had access.[5] However, as the Application Summary warned, it was Bowen's responsibility to report to Social Security if she moved. Similarly, § 405.20(a)(3) requires that the circumstance constituting "good cause"

---

[3] Bowen asserts that the court (and not just the Social Security Administration) may extend deadlines with the same showing under § 405.20(a). (*See* Doc. 10-1 at 2.) That section does not, however, apply to courts; it refers to what the claimant must show the *Social Security Administration*. *See* 20 C.F.R. § 405.5 ("We, us or our refers to the Social Security Administration."). The court is limited to reviewing the good-cause determination for abuse of discretion.

[4] Thus it appears that the provision of § 405.5 regarding the "date you receive notice" is really a special case of "good cause." Indeed, Bowen's arguments concerning § 405.5 are essentially "good-cause" arguments. (*See* Doc. 7-4 at 2 (offering reasons why Bowen did not receive the notice); Doc. 10-1 at 3 (arguing that Bowen did not receive notice within five days "because of facts related to her disabling mental health conditions").)

[5] The decision was also mailed to Attorney McCloskey, but at the same home address as Attorney McCloskey's client. Thus Attorney McCloskey did not receive the notice. It appears from Attorney McCloskey's September 26, 2014 appeal that she did not receive actual notice of the May 16, 2013 reconsideration determination until she consulted with Bowen in April 2014.

7

be beyond the claimant's control—and ordinarily individuals can ensure uninterrupted mail service by having their mail forwarded.[6]

The inquiry thus turns on § 405.20(a)(2): whether Bowen "had a physical, mental, educational, or linguistic limitation(s) that prevented [her] from filing a timely request." The ALJ found that there was no evidence that her medical conditions prevented her from consulting with her attorney until April 2014. Bowen also presented no evidence that her emotional problems prevented her from having her mail forwarded to an alternate address. On appeal to the Appeals Council, Bowen argued that she was unable to produce medical documentation of inability to communicate with her attorney because her mental impairments made it difficult to her to keep doctors' appointments; because she lacked medical insurance and transportation; and because she feared that medical documentation of her condition would jeopardize her chances of keeping her children.

It was Bowen's burden to show good cause. Even if she was unable to present contemporaneous medical documentation of her alleged impairments, she offers no explanation as to why she has not produced any retrospective medical documentation regarding her limitations between May 16, 2013 and April 2014. She apparently did submit to the Appeals Council records from Dartmouth-Hitchcock Medical Center (DHMC) and records from Dr. Hedgepeth, but the Appeals Council explicitly concluded that the additional information Bowen supplied "does not provide a basis for changing the Administrative Law Judge's dismissal." (Doc. 7-5 at 1.)[7] Accordingly, the court can find no abuse of discretion.

## IV.   Due Process and Equitable Tolling

"[A]n SSI claimant suffering from mental illness may raise a colorable due process claim when he asserts that his mental illness prevented him from proceeding from one administrative

---

[6] This remains true for individuals who are the victims of domestic violence. Vermont law provides a process for victims of domestic violence, sexual assault, or stalking to receive substitute address service. *See* 15 V.S.A. § 1152.

[7] Curiously, the Appeals Council also found the records from DHMC and Dr. Hedgepeth to be about a "later time" (i.e., after May 16, 2013), and found that they did not affect the decision about whether Bowen was disabled beginning on or before May 16, 2013. (*Id.* at 2.) Of course, the proper inquiry requires evaluation as to whether Bowen's physical, mental, educational, or linguistic limitation(s) prevented her from filing a timely request *after* that date. Any confusion on that point is immaterial in light of the Appeals Council's explicit finding that none of the documentation Bowen submitted supplied a basis for changing the ALJ's dismissal.

8

level to another in a timely fashion." *Canales v. Sullivan*, 936 F.2d 755, 758 (2d Cir. 1991) (citing *Elchediak v. Heckler*, 750 F.2d 892, 894 (11th Cir. 1985)).[8] "[A] due process claim 'seems peculiarly apropos in the context of Social Security disability benefit proceedings in which . . . the very disability that forms all or part of the basis for which the claimant seeks benefits may deprive her of the ability to understand or act upon notice of available administrative procedures.'" *Id.* (quoting *Elchediak*, 750 F.2d at 894). However, "a claimant's argument that she was so impaired as to be unable to pursue administrative remedies requires more than a 'generalized allegation' of confusion; it requires a 'particularized allegation of mental impairment plausibly of sufficient severity to impair comprehension.'" *Byam v. Barnhart*, 336 F.3d 172, 182 (2d Cir. 2003) (quoting *Stieberger v. Apfel*, 134 F.3d 37, 40–41 (2d Cir. 1997)).[9] Under *Byam*, the inquiry is whether the claimant "was impaired in her ability to understand and pursue administrative and legal procedures." *Id.* at 183.

      Here, Bowen has alleged depression, anxiety, and "cognitive deficits with distractors." The court concludes that those impairments are not plausibly of sufficient severity to impair Bowen's ability to understand and pursue administrative and legal procedures. Cases where that heightened standard is met involve allegations of significantly greater mental impairments. *See Byam*, 336 F.3d at 183 (long history of depression with suicidal ideation and attempts, and numerous documented disorders and impairments including affective and personality disorders); *Stieberger*, 134 F.3d at 41 (prolonged mental illness, eleven-day hospitalization for depression with suicidal ideation, and continuous treatment since hospitalization for depression, neurosis, schizophrenia, and anxiety); *Manney v. Astrue*, No. 5:09-CV-255, 2010 WL 3766993, at *11 (D. Vt. July 23, 2010) (depressive disorder and panic disorder with agoraphobia), *adopted*, 2010 WL 3766966 (D. Vt. Sept. 27, 2010). Bowen has failed to show how her mental and physical disabilities actually prevented her from having her mail forwarded, pursuing a hearing, or otherwise managing her legal affairs.

---

      [8] The court in *Canales* extended *Elchediak* to include situations where an SSI disability claimant fails to seek timely *judicial* review because of a mental impairment. *Id.* at 759. That is not an issue here; Bowen timely filed her Verified Complaint in this case.

      [9] The court in *Stieberger* recognized that the due process rationale is the same as the rationale for equitable tolling. *Stieberger*, 134 F.3d at 40. The discussion here therefore pertains to both theories.

9

In fact, Bowen's allegations suggest that she was capable of taking action and comprehending her legal rights. She was able to move to Rhode Island. She knew that she was being investigated by the Department of Children and Families, and she acted to avoid medical appointments to forestall medical documentation that she feared might be unfavorable to her. Bowen has certainly shown that she was experiencing particularly difficult circumstances between May 16, 2013 and April 2014, but that alone is not sufficient to warrant equitable tolling. *See Thomas v. Burmax Co.*, No. 12-CV-6363(JFB)(ARL), 2013 WL 6681616, at *5 (E.D.N.Y. Dec. 18, 2013) (equitable tolling not warranted despite plaintiff's claim that he was in a "debilitating state" for four months; plaintiff failed to show any disability actually prevented him from making a timely filing); *Apionishev v. Columbia Univ.*, No. 09 Civ. 6471(SAS), 2011 WL 1197637, at *7 (S.D.N.Y. Mar. 25, 2011) (court sympathetic for plaintiff's difficult circumstances—including financial difficulties, homelessness, HIV/AIDS infection, and side effects of medication—but those circumstances did not warrant equitable tolling); *Gager v. Nicholson*, No. 04 Civ. 3410 DAB, 2006 WL 3616965, at *2 (S.D.N.Y. Dec. 12, 2006) (difficult circumstances—including the deaths of plaintiff's step-sister and step-mother, caretaking for her 87-year-old father with Alzheimer's, and her father's wandering away from his home—did not warrant equitable tolling).

## Conclusion

For the above reasons, the Commissioner's Motion to Dismiss (Doc. 6) is GRANTED.

Dated at Rutland, in the District of Vermont, this 16 day of November, 2015.

Geoffrey W. Crawford, Judge
United States District Court